IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELA NAILS,

      Plaintiff,

      v.                                         Case No. 23-4114-EFM-ADM

JAMES BANO, *et al.*,

      Defendants.

REPORT AND RECOMMENDATION

On December 11, 2023, pro se plaintiff Angela Nails ("Nails") filed this case purporting to assert claims against James Bano and Christen Webb.  (ECF 1.)  At the same time, she moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF 2.)  The court granted Nails leave to proceed IFP but directed the U.S. Marshals to withhold service of process until the court could screen the complaint for merit under § 1915(e)(2)(B).  (ECF 5.)  As discussed in further detail below, the court has now screened Nails' complaint and recommends that the district judge dismiss her complaint for failure to state a claim upon which relief may be granted.

I.    THE COURT RECOMMENDS DISMISSING NAILS' COMPLAINT.

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."  *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

### A.    Legal Standard

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief.  *Id.*  Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend."  *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).  The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Nails is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys."  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  In doing so, however, the court does not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nails still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

### B.    Analysis

The court recommends dismissal of Nails' complaint because it does not meet the standards of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(2) requires that a complaint provide

a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint here does not meet this standard because the court cannot even decipher what the case is about, much less what claims Nails is trying to assert. Nails' complaint is difficult to interpret, but it appears to assert claims against two defendants, James Bano ("Bano") and Christen Webb ("Webb"). As to defendant Bano, Nails titles her complaint "NEGLIGENCE," but then does not assert any facts that would lead to a reasonable inference that Bano could be liable for negligence. Nails appears to be seeking "Statutory Damages $2,000.000.00" under 17 U.S.C. § 504(c)(1) "for the mental injury and the loss of civil damages from the Federal Civil Rule 55(a) Default." The complaint, however, makes no factual allegations supporting a copyright infringement claim under 17 U.S.C. § 504(c)(1). Likewise, the complaint does not allege facts from which the court can decipher what she is alleging with respect to the "default" under Fed. R. Civ. P. 55(a) or whether an alleged entry of default or default judgment was against Bano or someone else.

As to defendant Webb, Nails titles her complaint "CLIENT ATTORNEY ETHICS ON PRIVILEAGE [sic]." Nails alleges that "the Defendant caused a violation of the duties associated with the Defendant passing the Kansas Bar" in that "Defendant did not notify [Nails] of the hearing date at the District Court after Appeal decision" but falsely told the district court Nails was notified. Her complaint does not allege that this event in any way harmed or damaged Nails. Rather, her complaint merely states a grievance—a false statement to the district court—without tying that grievance to any recognized legal claim that would provide a right to relief.

3

"In pro se cases as in others, 'conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted." *Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Here, the complaint lacks any factual allegations to support any claim. Accordingly, Nails' complaint does not assert a claim upon which relief may be granted against either of the defendants.

Moreover, granting Nails leave to amend would be futile. This case is the latest of many cases Nails has filed in this court, all of which have been dismissed for failure to state a claim, lack of prosecution, and/or lack of subject matter jurisdiction. *See Nails v. Water Stone Apartments*, Case No. 18-cv-04150-HLT-JPO; *Nails v. Coat et al*., Case No. 15-cv-09079-JAR-TJJ; *Nails v. District Court of Jackson County, Missouri*, Case No. 15-cv-07118-CM-GLR; *Nails v. Slucher et al*., Case No. 15-cv-04858-KHV-KGS; *Nails v. Water Stone*, Case No. 15-cv-02675-DDC-TJJ; *Nails v. Kansas City, Kansas Public Library et al*., Case No. 14-cv-02636-CM-TJJ. And the lack of factual allegations in her current complaint leads the court to believe this case would be headed for a similar fate if the court were to allow Nails leave to amend. The court therefore recommends that the district judge dismiss Nails' complaint in its entirety.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Nails may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If she fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will

be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000); *Tastan v. Los Alamos Nat'l Sec.,* LLC, 809 F. App'x. 498, 503-04 (10th Cir. 2020).

**IT IS THEREFORE RECOMMENDED** that the assigned district judge dismiss Nails' complaint for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Nails via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated December 27, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
